BILLINGSLEY *v.* BENEFIELD.

Opinion delivered July 6, 1908.

1. AGENCY—RATIFICATION.—A third person cannot complain that an agent exceeded his authority if the principal subsequently ratified such act. (Page 130.)

2. FRAUD—MISREPRESENTATION—MATERIALITY.—Where an agent misrepresented to the maker of a note that he owned it, when it was owned by his principal, and procured the maker to execute new notes, which were accepted by the principal, the false representation was not material and did not affect the validity of the new notes. (Page 130.)

Appeal from Logan Circuit Court, Northern District; *Jeptha H. Evans*, Judge; affirmed.

*J. F. Billingsley, pro se.*

1. The answer set up fraud, a mixed question of law and fact to be submitted to a jury. 8 Ark. 108; 24 *Id.* 222; 30 *Id.* 380; 21 *Id.* 364.

2. If there is any legal evidence to sustain a particular theory, the court should properly instruct the jury as to such theory. 50 Ark. 545.

3. When there is *any* evidence to sustain the contention of a party, a verdict should not be directed. Const. art. 7, § 23; 76 Ark. 604; 17 S. W. 369; 39 *Id.* 413, 491; 61 *Id.* 442; 62 *Id.* 63; 71 *Id.* 305, 44; 73 *Id.* 463, etc.

4. An accord and satisfaction may be set aside for fraud or misrepresentation. 81 S. W. 1248; 112 Tenn. 526.

5. A void act of an agent cannot be ratified by his principal. 29 S. W. 1030; 65 *Id.* 841; 47 *Id.* 623; 65 Ark. 385; 83 N. E. 576; 72 Mo. 415; 105 Iowa, 507; Story, Agency, 251.

6. When the payment of money is procured by fraud, the law raises an implied promise to refund. 37 Iowa, 642; 77 *Id.* 594; 41 N. H. 185; 1 Dall. (Pa.), 428; 13 Pa. St. 270; 14 A. & E. Law, (2 Ed.), 12.

7. An injury through fraud carries the right to rescind. For definitions of "injury" and "wrong," see Anderson, Dict. and Webster; Burrill's Law Dict. 619; 11 A. & E. Enc. Law.

8. He returned the original note; brought it into court to be delivered to rightful owner. 9 Cyc. 439, 440-1; 33 Ark. 425.

9. Having no knowledge, he could not ratify. 47 S. W. 533.

10. An innocent purchaser of the notes could have recovered of Billingsley. 112 Ill. 572; 73 Iowa, 638.

11. An agent is authorized to receive payment in cash only, and has no authority to commute and take paper. 18 A. & E. Enc. Law, 194, note; Mechem on Agency, § 775.

McCULLOCH, J. This is an action instituted by appellee, Billingsley, against appellant, Benefield, before a justice of the peace to recover the amount of two negotiable promissory notes, each for $40, with interest, executed by the latter to the former. The facts are undisputed, and, in the trial in the circuit court on appeal, the court gave a peremptory instruction to the jury to return a verdict in favor of the plaintiff for the amount of the notes and interest.

The notes bear date of April 24, 1900. A few months prior to that date one Blackwell was the legal owner of a promissory

note for the sum of $90.51, executed by appellant one Smith, as administrator of a certain decedent's estate.

Blackwell turned the note over to appellee, who went to see appellant at his house and demanded payment, representing that he was the owner of the notes. A settlement of the matter was made between the two, whereby appellant delivered to appellee a cow valued at $20 and executed to him the notes sued on, and appellee surrendered to appellant the original note executed to Smith. Appellee did not have the note with him at the time, but caused the cashier of a bank where he had previously placed it for collection to deliver it to appellant. Appellee then delivered the two notes in suit to Blackwell, his principal, without indorsing an assignment thereon. Subsequently, and before the commencement of this action, Blackwell sold the notes to appellee and delivered the same to him.

Blackwell did not authorize appellee to accept the new notes from appellant in discharge of the original note, but his subsequent conduct in accepting the new notes from appellee amounted to a ratification of this act. Appellant is in no position to complain because appellee exceeded the authority conferred by his principal, when the latter has since ratified the act.

Nor is the fact material that appellee falsely represented to appellant that he was the owner of the original note. Appellee denies that he made any such representation, but, as the court gave a peremptory instruction, we must, in testing its correctness, treat it as established that he did make the representation as claimed by appellant. Appellant owed the debt evidenced by the original note, and the fact that he executed the new notes under a false representation as to the ownership of the old one is not material, and does not affect the validity of the notes. It is not material as to what particular individual owned the original note if the new ones were accepted by the owner of the old one in satisfaction of it. These new notes, as we have already shown, were accepted by Blackwell. Of course, if Blackwell had not accepted the new notes, then they would have been void for want of consideration, at least while in appellee's hands. There was, therefore, no material disputed fact to go to the jury, and the court properly gave a peremptory instruction in favor of the plaintiff.

Affirmed.